779 N.W.2d 112 (2010)
279 Neb. 568
STATE of Nebraska, appellee,
v.
Lance FULLER, appellant.
No. S-09-494.
Supreme Court of Nebraska.
March 12, 2010.
*113 Arthur C. Toogood, Adams County Public Defender, for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Lance Fuller appeals from the order of the district court for Adams County which affirmed his county court conviction for third degree sexual assault. Fuller asserts that there was not sufficient evidence to support his conviction, because the acts for which he was charged and convicted do not meet the definition of "sexual contact" provided in Neb.Rev.Stat. § 28-318(5) (Reissue 2008). We affirm.

STATEMENT OF FACTS
Fuller was charged in the county court for Adams County on June 25, 2007. The complaint charged Fuller with third degree sexual assault in violation of Neb.Rev. Stat. § 28-320(1) (Reissue 2008), which provides in relevant part: "Any person who subjects another person to sexual contact... without consent of the victim ... is guilty of sexual assault in either the second degree or third degree." Section 28-320(3) provides: "Sexual assault shall be in the third degree and is a Class I misdemeanor if the actor shall not have caused serious personal injury to the victim." At issue in this appeal is the meaning of "sexual contact" contained in a portion of § 28-318(5) which applies to § 28-320 and provides that "[s]exual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor."
The complaint alleged that on May 5, 2007, Fuller subjected C.F. to sexual contact without consent; the complaint did not allege that C.F. suffered serious personal injury. On May 5, 2007, Fuller was 18 years old, and C.F., who is Fuller's half brother, was 9 years old.
A jury trial was conducted in county court. At trial, the stepfather of Fuller and C.F. testified that on the afternoon of May 5, 2007, he was watching television in the basement of the family home when he decided to go upstairs and check on Fuller and C.F. He found them in Fuller's bedroom, where he saw the two on the bed facing each other with a blanket over them. The stepfather asked what was going on and pulled the blanket off. He saw Fuller trying to pull up C.F.'s pants and saw that Fuller's pants were partially down. The stepfather told C.F. to go downstairs. The stepfather called his wife, who is the mother of Fuller and C.F., and when she arrived home, they called the police.
The police officer who investigated the incident testified at trial that Fuller told him that "something just kind of came over him and he threw a blanket over [C.F.] and himself" and that "he pulled *114 [C.F.'s] pants down and rubbed his dick on [C.F.'s] leg." C.F. testified at trial that he and Fuller were sitting on Fuller's bed when Fuller "flipped the blankets over me and startedpulled down my pants to my ankles and started rubbing his penis on my shin." C.F. testified that Fuller did not touch him anywhere other than "the outside of the right shin" and that Fuller did not have C.F. touch Fuller anywhere.
After the State presented its evidence, Fuller moved for dismissal on the basis that the State's evidence failed to establish a necessary element of third degree sexual assault. Fuller argued that the evidence did not establish "sexual contact" as that term is defined in § 28-318(5). The court overruled the motion. After Fuller rested his defense, he moved for a directed verdict on the same basis, and the court overruled the motion. The jury found Fuller guilty of third degree sexual assault. Fuller's motion for a new trial was denied, and the county court sentenced him to 90 days in jail.
Fuller appealed his conviction to the district court for Adams County. On appeal, Fuller argued, inter alia, that there was not sufficient evidence to support his conviction, because the evidence failed to establish "sexual contact" as the term is defined in § 28-318(5) and applies to § 28-320. The district court rejected Fuller's arguments and affirmed his conviction and sentence.
Fuller appeals the district court's rulings which affirmed his conviction and sentence.

ASSIGNMENT OF ERROR
Fuller asserts that the district court erred by affirming the denial of his motions based on sufficiency of the evidence and by affirming his conviction, because under the definition of "sexual contact" in § 28-318(5), there was not sufficient evidence to support his conviction under § 28-320.

STANDARDS OF REVIEW
Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. Banks, 278 Neb. 342, 771 N.W.2d 75 (2009).
The interpretation of a statute is a question of law for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. State v. Winslow, 274 Neb. 427, 740 N.W.2d 794 (2007).

ANALYSIS
Fuller asserts that the district court erred by affirming the denial of his motions based on sufficiency of the evidence and by affirming his conviction, because there was not sufficient evidence to support his conviction under § 28-320. He argues that the evidence does not support a finding that he subjected C.F. to "sexual contact" as the term is defined in § 28-318(5) and is applicable to § 28-320. Fuller specifically argues that rubbing his penis on C.F.'s shin was not "sexual contact" for purposes of § 28-320, because under § 28-318(5), the shin is not a "sexual *115 or intimate part" and he did not cause C.F. to "touch" Fuller's sexual or intimate parts. We disagree with Fuller's reading of the statutes and conclude that the evidence supported Fuller's conviction and that the district court did not err.
Fuller was convicted of third degree sexual assault, which, under § 28-320(1), occurs when a person "subjects another person to sexual contact ... without consent of the victim." The evidence in this case showed that Fuller rubbed his penis on C.F.'s shin. Fuller does not argue that the evidence failed to show that such rubbing was without C.F.'s consent. Instead, as noted, he argues that rubbing his penis on C.F.'s shin was not "sexual contact" as that term is defined by the relevant statute.
For purposes of § 28-320 and other statutes, "sexual contact" is defined in § 28-318(5) as follows:
Sexual contact means the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party. Sexual contact shall also include the touching of a child with the actor's sexual or intimate parts on any part of the child's body for purposes of sexual assault of a child under sections 28-319.01 and 28-320.01.
We note that § 28-318(5) contains four sentences describing conduct that is considered "sexual contact." The first sentence of the subsection refers to the actor's "intentional touching of the victim's sexual or intimate parts or ... the victim's clothing covering the immediate area of the victim's sexual or intimate parts." Fuller's conduct in this case is not described by the first sentence, because the term "intimate parts" is defined in § 28-318(2) to mean "the genital area, groin, inner thighs, buttocks, or breasts." The evidence in this case shows without contradiction that Fuller touched C.F.'s shin. The shin is not a sexual or intimate part under the statutory definition, and the evidence does not show that Fuller touched any part of C.F.'s body that would be considered a sexual or intimate part.
Similarly, the final sentence of § 28-318(5) does not apply to the evidence in this case. Although Fuller's rubbing his penis on C.F.'s shin would constitute "touching of a child with the actor's sexual or intimate parts on any part of the child's body," the final sentence of § 28-318(5) specifies that this definition applies to "sexual assault of a child under sections 28-319.01 and 28-320.01." In this case, Fuller was charged under § 28-320. He was not and, as Fuller notes, could not have been charged under Neb.Rev.Stat. § 28-319.01 (Reissue 2008) or Neb.Rev. Stat. § 28-320.01 (Reissue 2008), because both of those statutes apply only when "the actor is at least nineteen years of age or older" and Fuller was 18 years old at the time of the incident herein. Given this specification and because we conclude that the second sentence of § 28-318(5) controls the outcome of this case, we do not apply or consider the breadth of the last sentence in § 28-318(5) in this appeal.
The question at the center of this case is whether Fuller's conduct is encompassed under the second sentence of § 28-318(5), which provides that "[s]exual contact shall also mean the touching by the victim of the *116 actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor." We note that in its order rejecting Fuller's argument on appeal from the county court, the district court stated:
The second sentence of 28-318(5) clearly defines sexual contact to include the touching by the victim of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. The victim's leg in this case touched an extension of [Fuller's] genital or groin area. This touching was initiated by [Fuller]. [Fuller] therefore committed a sexual assault under [§ 28-320].
We agree with the district court's determination that Fuller's conduct was "sexual contact" under the definition provided in the second sentence of § 28-318(5). In his brief on appeal to this court, Fuller contends that his conviction was contrary to the second definition of "sexual contact" in § 28-318(5), because C.F.'s shin "is not an intimate part" and Fuller "did not cause [the] victim to touch any of [Fuller's] intimate parts." Brief for appellant at 6. Fuller's argument suggests that the word "by" in the phrase "touching by the victim" indicates that the victim must initiate the touching. Fuller misreads the statute.
Although penal statutes are strictly construed, they are given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. State v. Bossow, 274 Neb. 836, 744 N.W.2d 43 (2008). Giving the statute under consideration a sensible construction, we conclude that Fuller's conduct was "sexual contact" under the second sentence of § 28-318(5) and amounted to a sexual assault in the third degree.
Contrary to Fuller's reading, the second sentence of § 28-318(5) does not specify a part or parts of the victim's body that must touch the actor's sexual or intimate parts. We thus reject Fuller's argument that because C.F.'s shin was involved, no crime was committed.
The second sentence of § 28-318(5) provides that there must be a "touching by the victim of the actor's sexual or intimate parts" and that "such touching [be] intentionally caused by the actor." We construe a "touching" in this context to be physical contact between two body parts, although for completeness, we note that the statute states that the defendant-actor may be clothed. As long as it is shown that two body parts made physical contact, and one of such parts was the sexual or intimate part of the defendant-actor, it is not necessary under § 28-318(5) to engage in an unsolvable analysis of whether at any moment the actor was "touching" the victim or whether the victim was "touching" the actor for sexual contact to have occurred. The last phrase of the second sentence of § 28-318(5) provides that "such touching is intentionally caused by the actor," which we understand to mean that the defendant-actor initiated the incident of "sexual contact" under this provision. Thus, when there has been physical contact between a victim and the actor's sexual or intimate part, there has been a "touching by the victim," and we reject Fuller's argument to the effect that the statute requires that the touching be initiated by an act of the victim.
The evidence in this case showed that there was physical contact between Fuller's penis and C.F.'s shin. It is clear that Fuller's penis was a sexual or intimate part under the definition provided in the statutes, and the evidence of physical contact *117 supports the findings that a touching of Fuller's penis by C.F.'s shin occurred and that such touching was intentionally caused by Fuller. Such evidence was sufficient to support a finding of "sexual contact" as defined in the second sentence of § 28-318(5). We therefore conclude that the evidence in this case was sufficient to support Fuller's conviction for third degree sexual assault under § 28-320.

CONCLUSION
We conclude that the evidence supported Fuller's conviction, including the finding that "sexual contact," as defined under the relevant statutes, occurred. The district court did not err when it affirmed the county court's rulings denying Fuller's motions based on insufficient evidence and affirmed his conviction. We therefore affirm Fuller's conviction and sentence as affirmed by the district court.
AFFIRMED.